UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

DALE CATLETT,                                  )
                                               )
                        Plaintiff,             )
                                               )
            v.                                 )        No. 4:22-cv-00105-SEB-KMB
                                               )
INTEGRA CREDIT,                                )
                                               )
                        Defendant.             )


**ORDER VACATING DEFAULT JUDGMENT**

Pending before the Court are several motions related to the default judgment Plaintiff

obtained against Defendant in state court prior to Defendant's timely removal of this

action to our court and the filing of a motion to vacate the default judgment. Because the

default judgment lacked both adequate service and personal jurisdiction, we are required

to grant the motion to vacate it, as we explain below.


**I.      FACTUAL BACKGROUND**

On July 12, 2022, Plaintiff Dale Catlett, who has proceeded *pro se* throughout this

litigation, initiated this action against Defendant Integra Credit (whose proper name

apparently is "Deinde Financial, LCC") in the Washington County, Indiana small claims

court. Plaintiff has alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C.

§§ 1692, *et seq.* ("FDCPA") and the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq*.

("TILA"). Plaintiff did not include any specific factual allegations against Defendant;

instead, he simply requests that all his debts be forgiven in writing and removed from his

1

credit scores and credit bureaus. Moreover, Plaintiff requests an award of attorney's fees as well as $5,000 in damages based on Defendant's being a "predatory lender." Docket No. 1-1, at 4. On July 18, 2022, Defendant allegedly was served by certified mail at the "Front Desk/Reception/Mail Room" of Defendant's office premises located at 120 South Lasalle Street, Chicago, Illinois. Docket No. 1-2, at 2. However, Defendant's Certificate of Good Standing as an LLC with the State of Illinois—filed here by Plaintiff himself— lists CT Corporation System as the registered service agent for Defendant with a service address of 208 South Lasalle Street, Suite 814 in Chicago, Illinois.

On August 10, 2022, the state court held a hearing at which Defendant failed to appear, causing a default judgment to enter against it in the amount of $5,000, plus court costs in the amount of $97. Defendant contends that it first learned of this action and the default judgment on August 17, 2022, when it received a copy of the default judgment in the mail. Defendant explains that it "immediately investigated the matter and retained counsel to take appropriate action," and "[w]ithin hours of learning of the Default Judgment," Defendant timely removed this case that very day, i.e., August 17, 2022, pursuant to 28 U.S.C. §§ 1441 and 1446. *Id.* The following day, Defendant filed a Motion to Vacate the Default Judgment pursuant to Federal Rule of Civil Procedure 60(b). Five days thereafter, on August 23, 2022, Plaintiff filed two motions requesting a hearing on Defendant's Motion to Vacate the Default Judgment. On August 27, 2022, presumably in response to Defendant informing the Court that its correct name is "Deinde Financial, LLC," Plaintiff filed yet another motion, this one requesting that the Court attach the

default judgment to Deinde Financial because the "companies are one in the same." Docket No. 10, at 1. We now consider each of these motions in turn.

## II.     MOTION TO VACATE DEFAULT JUDGMENT

Before deciding whether to vacate the default judgment entered by a state court pursuant to Federal Rule of Civil Procedure 60(b), we must ascertain whether a federal district court is empowered to make such a ruling. Defendant correctly notes that it is "well-established that where a case is properly removed, the federal court possesses jurisdiction to grant relief from and to vacate a state court default judgment." Docket No. 6, at 2 (citing *Kizer v. Sherwood*, 311 F. Supp. 809, 811 (M.D. Pa. 1970) ("As far as the default judgment previously entered in the State Court is concerned, there is no question that under the general removal statute, 28 U.S.C. § 1441-1450, it is well within the power of a Federal Court to set aside a default judgment rendered by a State Court before removal of a particular case.")). Indeed, "Rule 60(b) of the Federal Rules of Civil Procedure provides a mechanism to allow an aggrieved party to seek relief from an improperly entered judgment, whether entered by a federal *or* state court." *Price v. Am. Cyanamid Co.*, 2005 WL 8170074, at *2 (N.D. Ind. Mar. 21, 2005); *see also Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631−33 (7th Cir. 2007) (affirming the district court's decision in a removed case to vacate default judgments obtained in Indiana state court pursuant to Rule 60(b)); *Stockdon v. Canada Life Assurance Co.*, 2008 WL 3925159, at *4 (C.D. Ill. Aug. 20, 2008) (vacating a state default judgment in a removed case because Rule 60(b) gives districts courts the power to do so when appropriate);

*Zeglis v. Sutton*, 980 F. Supp. 958, 961−962 (N.D. Ill. 1997) (vacating a state default judgment in a removed case under Rule 60(b)).

Secure in our statutory authority to grant Defendant relief under Rule 60(b), we shall now address whether a grant of such relief is appropriate here. Pursuant to Federal Rule of Civil Procedure 60(b), a final default judgment is void and therefore "must be set aside if the court lacked personal jurisdiction." *Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 859 (7th Cir. 2016) (citing *Bally Exp. Corp. v. Balicar, Ltd.*, 804 F.2d 398, 400 (7th Cir. 1986)). Such "[a] judgment is also void as to any party who was not adequately served." *Id.* (citing *Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010)). "In determining whether relief under Rule 60(b) is appropriate, 'federal courts may apply state procedural rules to pre-removal conduct.'" *Price*, 505 F.3d at 631 (quoting *Romo v. Gulf Stream Coach*, 250 F.3d 1119, 1122 (7th Cir. 2001)).

"Because this attempt at service occurred before the case was removed, [Indiana] service of process rules govern whether the attempt was legally sufficient." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Under the Indiana Rules of Trial Procedure, service for an out-of-state entity, such as Defendant, must be executed "upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent." Ind. Trial Rules 4.4(B), 4.6(A). Defendant's appointed service agent was located at 208 South Lasalle Street, Suite 814 in Chicago, Illinois. Thus, Plaintiff's service by delivery to the "Front Desk/Reception/Mail Room" at 120 South Lasalle Street failed to comply with Indiana's service of process rules. Docket No. 1-3, at 13. Accordingly, the default judgment is void, first, due to 22-

4

inadequate service and because of that, for lack of personal jurisdiction as well. *See Trade Well*, 825 F.3d at 859 (7th Cir. 2016) (a judgment is void and therefore "must be set aside if the court lacked personal jurisdiction" or if a defendant was not "adequately served"); *Ind. Bureau of Motor Vehicles v. Watson*, 70 N.E.3d 380, 386 (Ind. Ct. App. 2017) ("ineffective service of process prohibits a trial court from having personal jurisdiction over a defendant"). "Because the default judgment[] failed to comply with these requirements of Indiana law, [it was] void; [we are] therefore *required* to vacate the judgment[]." *Price*, 505 F.3d at 632; *see also United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply*, 55 F.3d 1311 (7th Cir. 1995) ("Although ordinarily a district judge has broad discretion in the application of Rule 60(b), this is not true with respect to motions brought under Rule 60(b)(4). Because void judgments are legal nullities, district courts have little leeway. If the underlying judgment is void, it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4).") (internal citations omitted). We therefore grant Defendant's motion to vacate the default judgment.

### III.    MOTIONS TO HAVE A HEARING ON THE MOTION TO VACATE

Plaintiff's two, identical motions requesting that the Court hold apparently an immediate hearing on Defendant's Motion to Vacate the Default Judgment are premised on Plaintiff's belief that Defendant has had "ample time" to prepare for the hearing and the Motion to Vacate is "only a ploy to get the judgement [sic] over turned [sic] in a different court hence the moving of the case to federal court." Docket No. 8, at 1−2; *see*

*also* Docket No. 9, at 1−2. Plaintiff "feels" he has "grounds to have the judgment remain in place." *Id.* For the reasons previously explained, we have determined that Plaintiff's default judgment is void and must be vacated; thus, we deny both motions for a hearing on the grounds of mootness.

## IV.    MOTION TO ATTACH DEFAULT JUDGMENT TO DEINDE FINANCIAL

Finally, Plaintiff filed a motion requesting that the Court attach his default judgment to Deinde Financial. That Plaintiff's default judgment is void and must be vacated necessitates the denial of this motion as well also on the grounds of mootness.

## V.    CONCLUSION

Defendant's Motion to Vacate the Default Judgment [Docket No. 6] is **GRANTED** and Plaintiff's Motion to Hold a Hearing on the Motion to Vacate [Docket No. 8], as well as his Second Motion to Have a Hearing on the Motion to Vacate [Docket No. 9], and his Motion to Attach the Default Judgment to Deinde Financial [Docket No. 10] are all **DENIED AS MOOT.**

IT IS SO ORDERED.

Date:    12/7/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DALE CATLETT
270 N School St Unit 19
Pekin, IN 47165

Ke Liu
Pilgrim Christakis LLP
kliu@pilgrimchristakis.com

Jeffrey D. Pilgrim
Pilgrim Christakis LLP
jpilgrim@pilgrimchristakis.com